The Colorado Bar > For Members > Opinions Rules Statutes > Colorado Court of Appeals Opinions > View
 
 
 
 
 


 











 
 
 




 
 
 
 
 
 
 
 
 
 
 
 
 
 GO





 
 
 
 

 
About the CBA
For Members
For the Public
Casemaker/ Fastcase
Colorado Lawyer
Licensed Lawyer
Calendar
Jobs Board
Local Bar Associations
Diversity and Specialty Bar Associations
 








 
 
 
 
 
 


 
 
 
 
 
 
 
 
 
 
 
 Login

 

 
About the CBA
For Members
For the Public
Casemaker/ Fastcase
Colorado Lawyer
Licensed Lawyer
Calendar
Jobs Board
Local Bar Associations
Diversity and Specialty Bar Associations
 








 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 



 
 
 
 

 COVID Protocols
 CLE HOME
 MY COBAR
 CONTACT
 Cart
 Cba community





 














 
 
 My Account

 Member Login

 
 
 
 
 
 
 
 
 
 
  >
 For Members > Opinions Rules Statutes > Colorado Court of Appeals Opinions > View
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 



 
 
 
 2021 COA 125. No. 20CA0950. Johnson Nathan Strohe, P.C. v. MEP Engineering, Inc.



 
 
 
 
 

 
 


2021 COA 125. No. 20CA0950. Johnson Nathan Strohe, P.C. v. MEP Engineering, Inc. Limitation of Liability Clause—Contracts—Ambiguity.

Johnson Nathan Strohe, P.C. (architect) designed a building and contracted with MEP Engineering, Inc. (engineer) to provide mechanical, plumbing, and electrical engineering services for the building. The contract contained a clause limiting the engineer’s liability to $2,000 or twice the engineer’s fee, whichever was greater.

The architect alleged that as the building was nearing completion and the engineer was close to completing its work, the owner and architect discovered substantial problems with the building’s heating and hot water systems. The architect also alleged that the engineer admitted it erred and then designed and implemented repairs. Additional problems were subsequently discovered, and the architect hired another firm for those repairs.

The building owner initiated an arbitration proceeding against the architect regarding the heating and hot water systems, and the arbitrator awarded the owner $1.2 million in damages. The architect then sued the engineer for negligence and moved under CRCP 56(h) for a legal determination of the validity of the limitation of liability provision, claiming it was too vague and ambiguous to be enforceable. The district court found the provision unambiguous and enforceable. The engineer moved for leave to deposit twice its contractual fee plus interest into the court’s registry and for dismissal with prejudice. The district court granted the motion.

On appeal, the architect argued that the district court erred by concluding that the limitation of liability provision was clear and unambiguous. Here, the district court did not review this provision in its entirety, did not give effect to all parts of the provision, and did not address the clause stating that “such liability shall be limited . . . as consequential damages.” This clause is subject to several interpretations; for example, it could be interpreted to apply only to consequential damages, or it could mean that all damages caused by the engineer are consequential damages under the contract. Accordingly, the court erred in concluding that the liability limitation has a clear and unambiguous meaning.

The architect also argued that because the liability limitation clause was ambiguous, it was void. The Court of Appeals held that a limitation of liability in a commercial contract is not void merely because it is ambiguous. Rather, like other ambiguous contract provisions, the meaning is a question of fact that courts must determine using ordinary methods of contract interpretation.

The judgment dismissing the case with prejudice and the order authorizing the deposit of funds into the court registry was reversed. The court’s conclusion of law that the limitation of liability is unambiguous was also reversed. The court’s conclusion that it must employ ordinary methods of contract interpretation to determine the meaning of the limitation of liability clause was affirmed and the case was remanded to determine the meaning of the liability limitation clause as an issue of fact.

 





 
 

 








 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 



 
 
 
 

 
 
 About Us
 Membership
 For Lawyers
 Young Lawyers Division
 
 
 
 
 Calendar
 For the Public
 From the Courts
 
 
 
 
 Volunteer
 Classifieds
 Social Media Policy and User Agreement
 Privacy Policy
 
 





 














 Copyright © 2021. Colorado Bar Association License Agreement

 
 
 



 
 
 
 

303-860-1115
1290 Broadway, Suite 1700  | Denver, CO 80203

 
 
 
 





 














 
 
 
 
 
 
 
 
 
 
 
 
 
 
 Licensed Lawyer
 Join CBA
 CLE Home
 
 Register

 
 
 Member Login

 
 CONTACT
 
 
 
 top